(114 So. 785)

## HARTFORD FIRE INS. CO. v. HINES.
### (5 Div. 632.)

Court of Appeals of Alabama. Nov. 10, 1927.

Rehearing Denied Dec. 20, 1927.

Holley & Milner, of Wetumpka, for appellant.

Huddleston & Glover, of Wetumpka, for appellee.

BRICKEN, P. J. On July 21, 1920, J. E. Hines, appellee, executed his note for the sum of $113.52, payable to the Hartford Fire Insurance Company, for a fire insurance policy and for a tornado insurance policy issued to said Hines by said insurance company.

It is averred in the complaint that the note was payable in 4 annual installments of $28.38 each, payable on the 1st day of August in the years 1921, 1922, 1923, and 1924, respectively.

The plaintiff, Hartford Fire Insurance Company, offered in evidence the note sued on, and as copied into the bill of exceptions this note was a promise to pay "$113.52, payable in installments as follows: $28.38 upon the 1st day of August, 1921; $28.38 upon the 1st day of August, 1922; $28.38 upon the 1st day of August, 1924." It will be seen that the note as contained in the bill of exceptions provides for no installment to be paid in the year 1923.

As we interpret the testimony of the witness, R. M. Hicks, who was the agent of the insurance company, and who sold the insurance to Hines, insurance policies issued by the Hartford Insurance Company to said Hines were sold to him for the sum of $141.90, of which the sum of $28.38 was paid in cash or in a short time after said policies were issued and his note was given for the sum of $113.52, the remainder of the insurance premium, payable in 4 annual installments of $28.38 each. In other words, it appears that a fire insurance policy, protecting the property described in the policy, was is-

sued to Hines by the insurance company, covering said property for a period of 5 years, beginning the 21st day of July, 1920, and terminating the 21st day of July, 1925. A tornado insurance policy for a like period was also issued to said Hines by said insurance company covering the property described in the tornado policy, and that the annual premium for the fire insurance policy was $23.64, the two annual premiums aggregating $28.38, for which the note, covering 4 annual installments of premiums sued on, was given. The premium on both policies for the year 1920 (the year that ended July 21, 1921) was paid in cash or by a short term note which was paid when it became due. .

The fire insurance policy contained the following clause:

"This policy shall be canceled at any time at the request of the insured, or by the company by giving 5 days' notice of such cancellation."

It was further provided that if the policy was canceled, the premium having been actually paid, the unearned portion should be returned on surrender of the policy or last renewal, the company to retain the customary short rate, except that if the policy was canceled by the company it should only retain the pro rata premium.

The tornado policy contained this provision:

"This policy may also be canceled on request of the insured; the company shall be entitled to the customary short rate premium for the time expired."

It appears that on the 8th day of July, 1921, 13 days before the end of the first year, Hines requested the insurance company to cancel both of said policies. This was a right conferred upon him by the provision of each of said policies. And this request was made within the time covered by the premium that had been paid by him. We hold that, under the contracts of insurance, Hines' notice to the insurance company to cancel his insurance terminated his liability under the note sued on, as between himself and the company. It follows, therefore, that the trial court erred in giving the affirmative charge for the plaintiff, but did not err in granting the motion of defendant, Hines, for a new trial, said motion for a new trial alleging, among other things, that the trial court erred in giving the affirmative charge for the plaintiff. This appeal is from the judgment of the lower court granting defendant a new trial.

Affirmed.

## On Rehearing.

BRICKEN, P. J. In the foregoing opinion this court said:

"We hold that, under the contracts of insurance, Hines' notice to the insurance company to cancel his insurance terminated his liability under the note sued on, as between himself and the company."

To this statement we now add that the liability is terminated, except as to such liability as may have resulted from the customary short rate premium for the time expired, as agreed upon between these parties. To that extent the opinion is extended, and the judgment appealed from affirmed.

Opinion extended. Application overruled.